IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH GOVAN, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-4403 |
| : | |
| AMAZON, INC., : | |
|     Defendant. : | |

MEMORANDUM

MCHUGH, J.                                                                                                                                      DECEMBER 22, 2022

        Plaintiff Kenneth Govan filed a *pro se* civil action alleging that he was discriminated and retaliated against by his employer, Amazon, Inc. (Compl. (ECF No. 2) at 1-2.)[1] He also filed a Motion to Proceed *In Forma Pauperis* and a Motion to Appoint Counsel. For the following reasons, the Court will grant Mr. Govan leave to proceed *in forma pauperis*, dismiss the Complaint without prejudice to Govan filing an amended complaint, and deny his Motion to Appoint Counsel without prejudice.

**I.      FACTUAL ALLEGATIONS**

        Mr. Govan used the Court's form Complaint for employment discrimination to plead his claims. It appears that he marked the form to indicate that he brings suit pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117. (*See* Compl. at 1.) Govan also marked the form to indicate that Amazon failed to reasonably accommodate his disability, failed to stop harassment, retaliated against him, and subjected him to unequal terms

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

and conditions of his employment.  (*Id.* at 2.)  Govan asserts the discriminatory acts against him began on June 13, 2021 and are still being committed.  (*Id.*)  He avers that he has been subjected to discrimination because of his age and included his birthdate, which indicates that he was fifty-nine years old on the date the discriminatory acts began.  (*Id.*)

The written allegations on the form Complaint itself, are sparse.  With respect to discrimination, Mr. Govan mentions, without any further description, a "written disciplinary document" and notes that Amazon has a "termination at will policy."  (*Id.*)  In reference to harassment, Govan contends he was issued "decrees through email" that a "manager ha[d] been informed of [his] return to work date, changing [his] medical return dates."  (*Id.*)  On the subject of retaliation, Govan asserts that he "provided state documentation to HR regarding proper tax deduction from [his] wages" in connection with the ticket to work program.  (*Id.*)

Although not specifically referenced, Govan attached several documents to the form Complaint.  The first document attached to the Complaint is the "Finding of No Probable Cause" issued by the Pennsylvania Human Relations Commission ("PHRC") on May 20, 2022.  (*Id.* at 8-9.)  According to the determination, Govan filed his discrimination complaint against Amazon on July 5, 2021, asserting discrimination based on a disability.  (*Id.* at 8.)  The determination reflects that Govan was hired by Amazon as a "Flex-Time Temporary Prime Now Warehouse Team Member" on May 8, 2021.  (*Id.*)  According to the document, the evidence before the PHRC indicated that during the week of June 13, 2021, the Facility Site Manager for Amazon reviewed the scans of all associates and noted that Mr. Govan had skipped a total of forty-six bins while filling orders, even though the items remained in the bin.  (*Id.*)  No write up was issued at that time.  (*Id.*)  On June 21, 2021, Govan's manager had a meeting with him, wherein Mr. Govan was "coached about his work performance" regarding the false pick skips.  (*Id.* at 8-

9.) Govan received a "supportive feedback document," which was exempted from his file and not recorded as a disciplinary action. (*Id.* at 9.) Based on this evidence, the PHRC concluded there was insufficient evidence to support a finding of probable cause and closed the case. (*Id.* at 7, 9.)

According to a letter dated June 5, 2022 from Govan to the PHRC Enforcement Division, Govan disputed the finding that a meeting took place with his manager on June 21, 2021. (*Id.* at 11.) To the contrary, Govan contended that the "write up" was issued to him on June 27, 2021 by his manager "in the middle of the production floor" in front of approximately fifteen people. (*Id.* at 11, 17.) Govan further asserted that his manager sent him home on June 27, 2021 with a "swollen left knee from climbing the ladder repeat[edly] and not being able to see correctly inside of a 32 degree minus freezer," but his manager did not fill out an incident report. (*Id.* at 11.)

Mr. Govan requested a "Substantial Weight Review" which was received in the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") on May 31, 2022. (*Id.* at 12.) The EEOC concluded in a letter dated September 27, 2022 that the investigation conducted by the PHRC was not deficient and noted that the "evidence suggests that it is unlikely that further investigation by the EEOC would result in a finding in [Govan's] favor." (*Id.*) The findings of the PHRC were upheld, and the EEOC dismissed Govan's charge. (*Id.* at 12-13.)

Govan also attaches medical records to his form Complaint indicating that he received treatment from Einstein Healthcare Network on May 11, 2021, for left knee pain and osteoarthritis of his knees. (*Id.* at 19-21.) Attached ophthalmology records indicate a glaucoma diagnosis as of June 7, 2021. (*Id.* at 24.) There are also several letters and emails between

Govan and Shebaaz Shaikh, a "US Case Manager" from Amazon's Disability & Leave Services, attached to the form Complaint. (*Id.* at 33-55.) These records reference Govan's request for a leave of absence on June 28, 2021 but note that Govan had not submitted any information supporting his leave as of July 16, 2021. (*Id.* at 33.) An email by Shaikh dated August 5, 2021 indicated that while Amazon had received the medical paperwork from Govan's doctor, duration dates were not mentioned resulting in his leave request not being approved. (*Id.* at 35.) While not clear, the Court surmises that a leave of absence may have been approved at some point because there are other documents that reference various return to work dates. (*Id.* at 36, 40-41, 43.) Deciphering these documents is difficult in that they are merely attached to the Complaint with no further explanation given. As such, the Court is unable to determine, without speculating, how the attached documents correspond to the claims noted in the form Complaint.

## II.   STANDARD OF REVIEW

The Court will grant Govan leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*,

4

578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).  To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."  *Id.* at 213 (quotations omitted).  Because Govan is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability.  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112); *see also Fowler v. AT&T, Inc.*, 19 F.4th 292, 298 (3d Cir. 2021) (claims under the ADEA align with claims under Title VII).  To state a claim for employment discrimination under the ADA, a plaintiff must allege that he is a "qualified individual with a disability" within the meaning of the ADA, and that he suffered an adverse employment decision as a result of the discrimination.  *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001).  To establish a *prima facie* case of discrimination under the ADA, "an employee must show that [he]: (1) is disabled; (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by [his] employer; and (3) has suffered an adverse employment action as a result of [his] disability, including [his] employer's refusal to make reasonable accommodation for [his] disability."  *Keyhani v. Trs. of Univ. of Pa.*, 812 F. App'x 88, 91 (3d Cir. 2020) (*per curiam*) (quoting *Hohider v. United Parcel Serv. Inc.*, 574 F.3d 169, 186 (3d Cir. 2009)).  To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must allege that "(1) [he] is at least forty years old; (2) [he] suffered an adverse employment decision; (3) [he]

was qualified for the position in question; and (4) [he] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)).  Although a plaintiff need not allege a *prima facie* case to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes.  *See E.E.O.C.*, 778 F.3d at 449.  A plaintiff states a retaliation claim if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) [he] engaged in conduct protected by [the statute]; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789; *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).  For a plaintiff to establish that he was subjected to a hostile work environment, he "must show that (1) he suffered intentional discrimination because of [his age or disability]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability." *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001).

Even under a liberal reading, Mr. Govan's Complaint fails to allege a plausible claim for employment discrimination in connection with his treatment at work. Although Govan indicates that he is bringing claims under the ADEA and the ADA, he has not explained how his treatment at work[2] was based on his age or disability so as to violate those laws. Nor does he provide factual allegations that support an assertion that his employer failed to reasonable accommodate a disability[3] or that he was replaced by a sufficiently younger employee. In other words, Mr. Govan has not alleged facts to raise a plausible inference that his treatment at work was motivated by his age, his unspecified disability, or a perceived disability. In the absence of such facts, he cannot state a claim for employment discrimination in violation of the ADEA or the ADA. *See Culler v. Sec' y of U.S. Veterans Affairs*, 507 F. App' x 246, 249 (3d Cir. 2012) (*per curiam*) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of

---

[2] It is not clear at this point whether Govan suffered any adverse action at work.

[3] The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The Supreme Court has construed the term "substantial" to preclude "impairments that interfere in only a minor way" with a major life activity and the term "major life activities" to refer "to those activities that are of central importance to daily life." *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 196-97 (2002); *see also* 28 C.F.R. § 35.108. Therefore, "merely having an impairment does not make one disabled for purposes of the ADA." *Id.* at 195. At most, the attachments to the Complaint indicate that Govan has been diagnosed with glaucoma and osteoarthritis in his knees. (Complaint at 19-21, 24.) Govan's diagnoses by themselves are insufficient. To establish disability status, a plaintiff must do more than "merely submit evidence of a medical diagnosis of an impairment." *Peter v. Lincoln Tech. Inst., Inc.*, 255 F. Supp. 2d 417, 429 (E.D. Pa. 2002) (quoting *Toyota Motor Mfg.,* 534 U.S. at 198.). Govan has not alleged any additional facts at this time to suggest that he suffered from a disability or was regarded as having a disability within the meaning of the ADA.

complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to").

Even construing the allegations in the Complaint liberally, the circumstances of any discrimination are unclear. Absent any factual allegations explaining why any alleged "disciplinary document" was motivated by Govan's age or a disability, the Complaint cannot support a plausible claim under the ADEA or ADA. The papers attached to the Complaint overwhelmingly do not touch on workplace conditions, and they are not sufficient to state a plausible claim under the ADEA or ADA. Indeed, the paucity of facts contained in the form Complaint render it violative of Rule 8, which "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted). Govan's Complaint does not contain a short, plain statement describing the facts giving rise to his claim. Indeed, the Complaint does little more than refer to its attachments, which do not "provide enough information to put [the named Defendant] on sufficient notice to prepare [its] defense and also ensure that the Court is sufficiently informed to determine the issue." *See Binsack v. Lackawanna Cty. Prison*, 438 F. App'x, 158, 160 (3d Cir. 2011) (*per curiam*) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).") For these reasons, Govan's Complaint does not allege plausible claims and must be dismissed.

For similar reasons, Mr. Govan has failed to state a plausible claim that he was retaliated against or subjected to a hostile work environment in violation of federal employment law. In the absence of more detailed facts, his allegations do not state a retaliation or a hostile work

environment claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."). However, the Court will give Govan leave to file an amended complaint in the event he can plead additional facts to state a plausible claim for relief. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Mr. Govan leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. His claims against Amazon will be dismissed without prejudice to Govan filing an amended complaint that provides more information about the factual basis for his claims. The Court will deny Govan's Motion to Appoint Counsel at this time without prejudice to renewal if Govan files an amended complaint. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An Order follows, which provides further guidance regarding amendment.

**BY THE COURT:**

<u>s/Gerald Austin McHugh</u>
**United States District Judge**