IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH GOVAN,                   :<br>    Plaintiff,                  :<br>                                 :<br>    v.                           :<br>                                 :<br>AMAZON, INC.,                    :<br>    Defendant.                   : | CIVIL ACTION NO. 22-CV-4403 |

MEMORANDUM

MCHUGH, J.                                                              FEBRUARY 15, 2023

Currently before the Court is the *pro se* Amended Complaint of Plaintiff Kenneth Govan alleging disability discrimination by his employer, Amazon, Inc.  (Am. Compl. (ECF No. 8) at 1, 3.)[1]  For the following reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Govan's original Complaint raised claims pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117.  (*See* Compl. (ECF No. at 1.)  Utilizing the Court's form Complaint for employment discrimination, Govan also marked the form to indicate that Amazon had failed to reasonably accommodate his disability, failed to stop harassment, retaliated against him, and subjected him to unequal terms and conditions of his employment. (*Id.* at 2.)

The written allegations in the original Complaint were sparse, and the Court was tasked with having to review several attachments to the Complaint in an attempt to gain insight into

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Govan's claims.² Specifically, Govan attached a "Finding of No Probable Cause" that was issued by the Pennsylvania Human Relations Commission ("PHRC") on May 20, 2022. (*Id.* at 8-9.) This document reflected that Govan had been hired by Amazon as a "Flex-Time Temporary Prime Now Warehouse Team Member" on May 8, 2021, and that he had filed a complaint against Amazon on July 5, 2021, asserting discrimination based on a disability. (*Id.* at 8.) The evidence before the PHRC indicated that during the week of June 13, 2021, the Facility Site Manager for Amazon reviewed the scans of all associates and noted that Govan had skipped a total of forty-six bins while filling orders. (*Id.*) No write up was issued at that time. (*Id.*) On June 21, 2021, Govan's manager had a meeting with him, wherein Govan was "coached about his work performance" regarding the false pick skips. (*Id.* at 8-9.) Govan received a "supportive feedback document," which was exempted from his file and not recorded as a disciplinary action. (*Id.* at 9.) Based on this evidence, the PHRC concluded there was insufficient evidence to support a finding of probable cause and closed the case. (*Id.* at 7, 9.)

Govan also attached to his original Complaint a June 5, 2022 letter addressed to the PHRC Enforcement Division, wherein Govan disputed the finding that a meeting took place on June 21, 2021. (*Id.* at 11.) Govan contended that a "write up" was issued to him by his manager on June 27, 2021 "in the middle of the production floor," and his manager sent him home with a "swollen left knee from climbing the ladder repeat[edly] and not being able to see correctly inside of a 32 degree minus freezer," without filling out an incident report. (*Id.* at 11, 17.)

---

² As the Court noted in its prior Memorandum, deciphering the attachments was difficult because they were attached to the Complaint with no further explanation given. Accordingly, the Court was unable to determine, without speculating, how the attached documents corresponded to the claims noted in the original Complaint. (ECF No. 6 at 4.)

Additional attachments to the original Complaint indicated that on May 31, 2022, Govan requested a "Substantial Weight Review" by the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 12.) The EEOC concluded in a letter dated September 27, 2022 that the PHRC investigation was not deficient, determining that the "evidence suggests that it is unlikely that further investigation by the EEOC would result in a finding in [Govan's] favor." (*Id.*) The findings of the PHRC were upheld, and the EEOC dismissed Govan's charge. (*Id.* at 12-13.)

In a December 22, 2022 Memorandum and Order, the Court granted Govan leave to proceed *in forma pauperis* and dismissed his Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF Nos. 6-7.) The Court concluded that Govan failed to allege a plausible claim for employment discrimination. (ECF No. 6 at 7.) Specifically, the Court found that Govan had failed to provide any factual allegations indicating that his treatment at work was based on his age or disability so as to violate those laws. (*Id.*) Govan also did not provide any factual allegations to support an assertion that Amazon failed to reasonably accommodate a disability or that he was replaced by a sufficiently younger employee. (*Id.*) Govan was granted leave to file an amended complaint to plead additional facts to state a plausible claim for relief. (*Id.* at 6.)

On January 4, 2023, Govan filed an Amended Complaint, asserting that the basis for federal question jurisdiction is both federal question and diversity of citizenship.[3] (Am. Compl. (ECF No. 8) at 2.) The allegations in the Amended Complaint once again are sparse, and the nature of Govan's claims are difficult to discern because they are presented in a vague and

---

[3] District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The Amended Complaint does not set forth any amount in controversy, nor is there any indication that Govan intends to assert a claim based on state law.

disjointed manner. Govan asserts that Amazon "submitted fraudulent information" to the PHRC, "which was a prelude to an unfavorable decision in [his] case against Amazon." (*Id.* at 3, 6.)

As in his original Complaint, Govan appears to dispute that a "meeting" took place on June 21, 2022. (*Id.*) Instead, he contends that he received a "write-up on or around June 27, 2021 and was sent home with no [in]jury report filed." (*Id.*) Because there are no other documents attached to the Amended Complaint containing a June 27, 2021 date, the Court surmises that the "write-up" to which Govan refers may be the supportive feedback document attached to his Amended Complaint.[4] (*Id.* at 26.) The supportive feedback document indicates that Govan did not meet performance expectations during the week of June 13, 2021. (*Id.*) Specifically, it appears from the document that Govan skipped forty-six bins while filling orders, even though the items remained in the bin. (*Id.*) Govan was advised that "[m]oving forward, [he] need[s] to ensure the item is not in the bin before marking it missing." (*Id.*)

It appears from the Amended Complaint, and the attachments thereto,[5] that Govan sought and was approved for a leave of absence from Amazon effective June 28, 2021. (*Id.* at 3, 7.) The attachments to the Amended Complaint indicate that the leave is "continuous" due to the "employees [sic] own illness or injury." (*Id.* at 3, 7, 13, 21-25, 27-30.) Govan asserts that

---

[4] It appears that the supportive feedback document was created on June 21, 2021 and signed by Govan and his manager on June 27, 2021. (*Id.* at 26.)

[5] Govan attached several documents to the Amended Complaint. (Am. Compl. at 10-30.) These documents include an email between Govan and Amazon Disability Leave Services concerning a "Return to Work Notice" (*id.* at 10), a complaint filed with the Philadelphia Police Department on April 15, 2022 (*id.* at 11), a complaint filed with the Office for Civil Rights, U.S. Department of Health and Human Services (*id.* at 12), several case status updates noting various return to work dates (*id.* at 13, 21-25, 27-30), and a supportive feedback document created on June 21, 2021 and signed on June 27, 2021 (*id.* at 26.). While the Court has reviewed all of the attachments to the Amended Complaint, the documents are difficult to decipher, and the Court is unable to determine, without speculating, precisely how the attached documents correspond to the claims noted in the Amended Complaint.

although Amazon's "Disability and Leave Services" approved his leave on or about June 28, 2021 through June 26 (or 27), 2022, his "request site has been modif[ied] or altered without [his] consent." (*Id.* at 3, 7.) He contends that Amazon had his primary care physician "faxing various medical reports to them based on fraud and deception, creating a hostile working environment between [himself] and management informin [sic] them of various return to work dates." (*Id.* at 3.) The attachments to the Amended Complaint seem to indicate a return-to-work date as late as September 18, 2023, which may indicate that Govan is still on a leave of absence from his employment at Amazon. (*Id.* at 29.)

In his Amended Complaint, Govan avers that he experienced "swelling in [his] left knee after repeat[ed] going up and down a step ladder" on or about June 10, 2021. (*Id.* at 4.) He also asserts that he experienced a "visual disturbance due to 32 degrees and below" conditions when going into a "freeze/chill area" and "up and down on a step ladder" to complete orders. (*Id.*) In one of the attachments to the Amended Complaint, Govan also submits the following question:

> WHY WASN'T I OFFERED AN ACCOMINDATION [sic] LETTER, 'IF AMAZON, INC. HAD DETERMINE [sic] I HAVE A LEGITIMATE BARRIER.' I WOULD HAVE DIFFICULT [sic] GOING UP AND DOWN A LADDLER [sic] IN A CHILLED AREA 32 DEGREES OR BELOW REPEATEDLY DURING A 5-HOUR SHIFT. WHICH COULD LEAD TO VISIONUAL [sic] IMPAIRMENTS. I had several falls with [sic] the last few years, going up and down steps. Question, aren't ladders, called, 'step ladders.'

(*Id.* at 6-7.) With respect to relief sought, Govan "would like to ensure that future employee's [sic] of Amazon who have [his] age and [his] limited mobility issues are never again subjected to these very aggressive tactic[s] by Amazon Inc. and . . . disability and leave services. (*Id.*)

II.   **STANDARD OF REVIEW**

Because the Court granted Govan leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails

to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted). Because Govan is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "[L]iberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

**III. DISCUSSION**

The Court understands Govan to be asserting claims under the ADA,[6] stemming from his employment with Amazon. To state a claim of disability employment discrimination under the ADA, a plaintiff must establish: "(1) he is a disabled person within the meaning of the ADA, (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (citing *Gaul v. Lucent Tech.*, 134 F.3d 576, 580 (3d Cir. 1998)). The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

To support a claim for a failure to accommodate under the ADA, a plaintiff must establish: "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017). For a plaintiff to establish that he was subjected to a hostile work environment, he "must show that (1) he suffered intentional discrimination because of [his disability]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally

---

[6] Although Govan makes one reference to age in the relief section of his Amended Complaint (*see* Am. Compl. at 4), he does not state his age, nor does he provide the Court with any factual allegations that he suffered an adverse employment decision on account of his age or that he was replaced by another employee sufficiently younger so as to support an inference of a discriminatory motive. *See Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). Accordingly, he has not pled any basis for a claim under the Age Discrimination in Employment Act, to the extent he sought to assert such a claim.

affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability." *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001).

Even under a liberal reading, Govan's Amended Complaint once again falls short of providing sufficient factual allegations to allege a plausible claim for employment discrimination in connection with his treatment at work.  While Govan asserts that on or about June 10, 2021, he experienced "swelling in [his] left knee after repeat[edly] going up and down a step ladder" and a "visual disturbance due to 32 degrees and below" conditions (Am. Compl. at 4), it is unclear whether these episodes comprise Govan's disability for purposes of an ADA claim. Govan does not clearly allege what the disability is or what adverse employment actions were taken against him as a result of that disability.  At most, the Amended Complaint indicates that Govan experienced swelling in his left knee and an unidentified visual disturbance sometime in June 2021.  (*Id.*)  There are no medical records attached to the Amended Complaint, and Govan's indication of these ailments by themselves are insufficient.  Govan has not alleged any additional facts to suggest that he suffered from a disability or was regarded as having a disability within the meaning of the ADA.  Nor does he provide factual allegations that support an assertion that his employer failed to reasonable accommodate a disability.  In other words, Govan has not alleged facts to raise a plausible inference that his treatment at work was motivated by his unspecified disability, or a perceived disability.  In the absence of such facts, he cannot state a claim for employment discrimination in violation of the ADA.  *See Culler v. Sec' y of U.S. Veterans Affairs*, 507 F. App' x 246, 249 (3d Cir. 2012) (*per curiam*) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)).

Even construing the allegations in the Amended Complaint liberally, the circumstances of any discrimination are unclear. Absent any factual allegations explaining why the supportive feedback document or any other any alleged "disciplinary action" was motivated by Govan's disability, the Complaint cannot support a plausible claim under the ADA. The documents attached to the Amended Complaint overwhelmingly do not touch on workplace conditions, and they are not sufficient to state a plausible claim under the ADA. To the contrary, it appears to the Court that Govan requested a leave of absence from Amazon which was approved and may still be in process. (*Id.* at 3, 7, 13, 21-25, 27-30.)

For similar reasons, Govan has failed to state a plausible claim that he subjected to a hostile work environment in violation of federal employment law. In the absence of more detailed facts, his allegations do not state a hostile work environment claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Govan's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. As Govan has already been given an opportunity to cure the defects in his claims and has been unable to do so, and was previously unable to state a claim in his submissions to the EEOC and PHRC, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Accordingly, the claims against Amazon are dismissed with prejudice. An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
_____
**GERALD A. MCHUGH, J.**